Miranda Hermanos, S. en C., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 129.—*Sometido:* Mayo 1, 1947. *Resuelto:* Julio 23, 1947.

*Dubón & Ochoteco, y Otero Suro & Otero Suro,* abogados de la peticionaria; *Hon. Procurador General Luis Negrón Fernández, y J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La peticionaria empieza su año económico el 11 de enero de cada año y termina el 10 de enero del año siguiente. Al

cerrar sus operaciones el 10 de enero de 1943, correspondientes al año 1942–43, acreditó a cada socio en sus libros la participación que les correspondía por concepto de beneficios durante el referido año.   Así mismo hizo bonificaciones a sus empleados por servicios prestados entre el 11 de enero de 1942 y el 10 de enero de 1943.  También pagó comisiones a algunos de sus empleados al finalizar el año económico.

El 18 de marzo de 1943, en cumplimiento de la Ley núm. 29 de 7 de diciembre de 1942 ((2) pág. 161), conocida por "El Impuesto de la Victoria", según fué enmendada por la Ley núm. 175 de mayo 15, 1943 (pág. 631), rindió al Tesorero de Puerto Rico la declaración jurada que exige la ley, expresando los pagos efectuados por ella desde enero 1, 1943 hasta febrero 15 siguiente, acompañando la contribución retenida por ella en su origen correspondiente a dichos pagos.

Al declarar los ingresos sujetos al pago del Impuesto de la Victoria se limitó a una parte proporcional de los beneficios distribuídos a sus socios y de las bonificaciones y comisiones pagadas a sus empleados durante el año económico 1942–43, es decir, la correspondiente a los primeros diez días del año 1943, a pesar de que la totalidad de los beneficios, bonificaciones y comisiones fué realmente acreditada o pagada al cerrar las operaciones del año económico el 10 de enero de 1943.   En otras palabras, la peticionaria dejó de declarar los pagos hechos el 10 de enero de 1943 correspondientes a bonificaciones, beneficios y comisiones devengados pero no pagados entre el 11 de enero y el 31 de diciembre de 1942.   Consecuentemente dejó de retener en su origen y satisfacer al Tesorero el impuesto sobre los mismos.

El 20 de marzo de 1944 el Tesorero de Puerto Rico notificó a la peticionaria una deficiencia para el año anterior por concepto del Impuesto de la Victoria, montante a $3,802.91, más intereses a razón de 1 por ciento mensual hasta la fecha en que verificara el pago.  Solicitó la peticionaria la reconsideración de la decisión del Tesorero y siéndole denegada

recurrió para ante el Tribunal de Contribuciones, el cual, con fecha 3 de julio de 1946, modificó la decisión recurrida en el sentido de rebajar los intereses del 1 por ciento al ½ por ciento mensual y así modificada la confirmó. Solicitó la peticionaria la reconsideración y al serle denegada, oportunamente instó ante este Tribunal el presente recurso.

La peticionaria alega que no venía obligada a retener en su origen y pagar al Tesorero la contribución del Impuesto de la Victoria, sobre pagos por servicios prestados antes del 1ro. de enero de 1943—fecha en que empezó a regir la ley creando el impuesto de la victoria, a pesar de haber sido acreditados en sus libros el 10 de enero de 1943.

El artículo 1 de la Ley del Impuesto de la Victoria crea, en adición a cualquiera otra contribución impuesta por la Ley de Contribuciones Sobre Ingresos, una contribución de 5 por ciento sobre el ingreso bruto de todo individuo en exceso de $15.05 semanales, por concepto de salarios, sueldos, remuneraciones, comisiones, etc.(¹)

La cuestión a resolver es una de interpretación de estatutos y siguiendo la regla cardinal en materia de hermenéutica, debemos determinar cuál fué la intención legislativa. Para ello es necesario examinar el estatuto.

Definiendo el ingreso bruto a los efectos de la ley dice el artículo 1:

". . . Se entenderá por ingreso bruto toda cantidad de dinero que, procediendo de los conceptos antes enumerados como sujetos al pago del impuesto, *sea realmente recibida por el contribuyente o depositada o consignada a su favor o para su beneficio. Ese mismo significado tendrá la palabra pago, según se usa en esta Ley.*" (Bastardillas nuestras.)

El artículo 4 prescribe:

"*Todo individuo que tenga ingresos sobre los cuales proceda el pago del Impuesto de la Victoria y en los que no le haya sido hecha*

---

(¹)La ley concede ciertas deducciones y determina los ingresos no sujetos a la contribución, a los cuales es innecesario hacer referencia, a los efectos de esta opinión.

la retención en el origen, presentará al Tesorero de Puerto Rico la primera declaración de ingresos el día quince de febrero de 1943, *cubriendo los ingresos del mes de enero de 1943*. En julio quince de 1943 radicará su declaración *cubriendo los ingresos percibidos* desde enero treinta y uno a junio treinta de 1943, y de ahí en adelante los días quince de enero y quince de julio de cada año . . .'' (Bastardillas nuestras.)

Y el artículo 7 dispone:

''Toda persona que según las disposiciones de esta Ley venga obligada a retener en su origen la contribución impuesta,· deberá presentar con sus pagos al Tesoro declaraciones bajo juramento haciendo constar en ellas los pagos efectuados a los contribuyentes a quienes les retuvo el importe. . . . . en o antes de febrero 15 de 1943 en cuanto concierne a los *pagos hechos* desde enero 1 de 1943 hasta enero 31 de 1943, en o antes· de julio -15 de 1943, en cuanto concierne a los *pagos verificados* en el semestre de enero 1 a junio 30 de 1943, no incluídos en su pago anterior y subsiguientemente en o antes de enero 15 y julio 15 respecto a los semestres que terminen en diciembre 31 y junio 30 respectivamente . . . . .'' (Bastardillas nuestras.)

Como hemos visto, el estatuto prescribe que cualquier pago de sueldo, salarios, compensación, comisiones, etc. recibido por el contribuyente o consignado o depositado a su favor o para su beneficio, a partir del 1ro. de enero de 1943, está sujeto a pagar el Impuesto de la Victoria.

Si la intención legislativa hubiera sido no gravar los sueldos, compensaciones, etc. por servicios prestados antes del 1ro. de enero 1943, pero realmente recibidos o consignados después de esa fecha, fácil le hubiera sido expresarlo al definir el ingreso sujeto al impuesto. Un examen detenido de la ley revela el cuidado que tuvo el legislador de establecer que todo ingreso percibido o consignado o depositado a favor de un individuo a partir del 1ro. de enero de 1943, estará sujeto al pago del impuesto.

Es verdad que el artículo 1ro. de la Ley preceptúa que la contribución impuesta por ella se cobrará y pagará a partir de enero 1ro. de 1943, pero esto no implica que el impuesto

no pueda cobrarse sobre el pago de servicios prestados antes de dicha fecha, pero pagados o consignados con posterioridad a la misma. El objeto de esa disposición no es otro que fijar desde qué momento estarán sujetos al pago de la contribución los ingresos recibidos.

En el presente caso no hay envuelta cuestión alguna sobre aplicación retroactiva de la ley. Como se dijo en *Harvester Co.* v. *Dept. of Taxation,* 322 U. S. 435, 445 (1944), 88 L. Ed., 1373:

"Los apelantes no niegan que los dividendos procedían de ganancias obtenidas dentro del estado de Wisconsin, pero se arguye que algunos de dichos beneficios, por lo menos, fueron pagados de beneficios acumulados o separados en años anteriores a la aprobación del estatuto contributivo. Pero como el evento contributivo, la distribución de dividendos pagados de beneficios y el haberse deducido de la contribución dichos dividendos, ocurrió con posterioridad a la aprobación del estatuto contributivo, la cuestión de aplicación retroactiva del estatuto no está envuelta."

A nuestro juicio no existió el error que acabamos de discutir.

■ Arguye la peticionaria en su otro señalamiento de error que ella no venía obligada a pagar el resto del impuesto de la Victoria que no retuvo en su origen a sus socios y empleados por pagos efectuados el 10 de enero de 1943, por concepto de servicios prestados con anterioridad a la vigencia de la ley.

Fundamentando este señalamiento de error aduce la peticionaria argumentos que no resisten el más ligero análisis. Arguye que si ella, por error en la interpretación de la ley del Impuesto de la Victoria, no retuvo en su origen la contribución en lo que respecta a la parte proporcional del precio de los servicios prestados antes del 1ro. de enero de 1943, no viene obligada a pagar dicha contribución por las personas que recibieron tales ingresos. Arguye, además, que la contribución se impone al individuo que recibe el pago y no a la persona que lo verifica.

El artículo 3 de la Ley impone la obligación de retener en su origen el impuesto de la Victoria a la persona que haga pagos por cualesquiera de los conceptos mencionados como tributables en el art. 1, que no hayan sido mencionados en el art. 2; y el art. 7 le impone el deber de pagarlo al Tesorero de Puerto Rico.

La ignorancia de la ley no excusa de su cumplimiento y si la persona que hace el pago deja de cumplir con el deber de retener el impuesto en su origen, ese error de interpretación no le excusa del pago de lo que debió haber retenido para el Tesorero. El hecho de que la contribución se imponga al individuo que recibe el pago y no al agente retenedor, carece de pertinencia, pues al agente retenedor no se le cobra la contribución impuesta a él, sino la cantidad que debió retener y no lo hizo.

*Procede, por lo expuesto, anular el auto expedido y confirmar las resoluciones recurridas.*